# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW LEIPOLT,
CHRISTOPHER ADAMS, et al.,

      Plaintiffs,

      -vs-                                       Case No. 15-C-628

ALL-WAYS CONTRACTORS, Inc.,,

      Defendant.

## DECISION AND ORDER

This is a putative class action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*. The defendant, All-Ways Contractors, Inc., moves for summary judgment, arguing that it is exempt from the FLSA pursuant to the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1). The Court agrees. All-Ways' motion for summary judgment is granted, and this matter is dismissed in its entirety.

**I.    Background.**

All-Ways is a Wisconsin corporation engaged in commercial landscaping related to public and private commercial road building projects, commercial snowplowing, and commodity trading in salt and topsoil used in commercial and public road building projects. The named

plaintiffs, Matthew Leipolt and Christopher Adams, were employed by All-Ways as truck drivers.

All-Ways possesses a U.S. Department of Transportation registration number 1645394. All-Ways requires that each driver possess a Commercial Driver License ("CDL") for interstate travel. All-Ways maintains a "Driver Qualification File" for each driver that includes documentation required by the Federal Motor Carrier Safety Administration. All-Ways must submit to audits to ensure compliance with FMCSA and DOT regulations.

All-Ways currently employs approximately forty-four full-time employees, twenty of which are truck drivers. During the course of the named plaintiffs' employment, All-Ways truck drivers engaged in a minimum of 120 shipments of salt and scrap metal to and from Waukesha, Wisconsin and Winona, Minnesota, 93 shipments of various commodities between Waukesha and various Kohl's Department Stores outside of Wisconsin, including Machesney Park, Illinois, Kalamazoo, Michigan, Franklin Park, Ohio, Perrysburg, Ohio, Midland, Michigan, Walker, Michigan, and Lake Orion, Michigan, and 516 intrastate shipments of salt from the Port of Milwaukee, known as "Jones Island," to various locations in Wisconsin.

For each trip to Jones Island, the truck drivers picked up salt that had been ordered in advance from various companies located outside of Wisconsin, including North American Salt Company and Morton Salt, Inc., prior to its arrival in Wisconsin. In addition, all truck drivers transported equipment across state lines to the various Kohl's Department Stores to complete the job in question, such as skid loaders, mini excavators, and tractors hauled by truck and trailers.

Leipolt engaged in at least seven (7) interstate trips to Winona, Minnesota; Adams engaged in at least three (3). Leipolt engaged in at least seventeen (17) trips to Jones Island; Adams engaged in at least five (5).

At any given time, truck drivers are subject to being called upon to transport products across state lines. At all times during any given year, All-Ways engages truck drivers to travel in interstate commerce or actively solicits work in interstate commerce. All-Ways actively solicits the continuation of interstate work with Kohl's Department Stores and any other interstate work at all times through its regular, day-to-day interaction with customers and potential customers. All-Ways' website, a significant source of its marketing efforts, is in no way limited to soliciting business within the state of Wisconsin. The percentage of revenue generated by All-Ways attributable to products transported in interstate

- 3 -

commerce is approximately 30% in any given year ($1.2 million of $4.3 million in annual revenue).

Due to the nature of assignments that varied from day to day, All-Ways does not regularly assign specific drivers to specific trips or create a schedule in advance of any particular day. Instead, drivers are given work assignments on a day-to-day basis as needed. Because all drivers are qualified to operate in interstate commerce, All-Ways does not differentiate between interstate and intrastate trips for job assignments. Drivers are assigned to interstate work randomly with consideration given to their job availability on the day in question. All-Ways retains discretion to assign any driver to perform interstate work at any given time. All drivers have been assigned to interstate travel at some point during their employment with All-Ways.

All trucks driven by the named plaintiffs and all other truck drivers across state lines or to the Port of Milwaukee exceed a gross vehicle weight rating (GVWR) of 10,001 pounds. Leipolt personally operated the following trucks during approximately 95 percent of his period of employment: (i) Mack water trucks with a GVWR of 54,000 and 56,000 pounds; (ii) quad axel Peterbilt dump trucks with a GVWR of 80,000 pounds; (iii) low boy tractor trailers that can haul up to 100,000 pounds; (iv) tractor trailers

(i.e., semi-trucks with a dump trailer) with a GVWR of 80,000 pounds; and (v) front end loaders with a GVWR of approximately 50,000 pounds. Leipolt also occasionally operated a 2010 Chevy pick-up truck in the winter for less than 5% of the time he was working for All-Ways. Adams operated quad axel Peterbilt dump trucks and tractor trailers with a GVWR of 80,000 pounds.

## II.     FLSA and the MCA exemption.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one identified by the substantive law as affecting the outcome of the suit. *Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A "genuine issue" exists with respect to any such material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 681-82. Thus, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986).

Congress enacted the FLSA to provide employees a "fair day's pay for a fair day's work." *Dekeyser v. Thyssenkrupp Waupaca, Inc.*, 735 F.3d 568, 570 (7th Cir. 2013) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981)). To that end, the FLSA requires that an employee who works more than forty hours in a given week must be compensated at one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1). The Motor Carrier Act, by contrast, was "designed with the goal of promoting safety on the interstate highways." *Graham v. Town & Country Disposal of W. Mo., Inc.*, 865 F. Supp. 2d 952, 958 (W.D. Mo. 2011). The MCA vests in the Department of Transportation the "power to establish reasonable requirements with respect to qualifications and maximum hours of service of employees and safety of operation and equipment of common and contract carriers by motor vehicles." *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 658 (1947).

Employees subject to the jurisdiction of the Secretary of Transportation's are exempt from maximum hour and overtime requirements pursuant to the motor carrier exemption. 29 U.S.C. § 213(b)(1); 49 U.S.C. § 31502. The exemption applies if the employer is a carrier subject to the DOT's jurisdiction and the employee is a member of a

- 6 -

Case 2:15-cv-00628-RTR    Filed 05/05/16    Page 6 of 16    Document 66

class of employees that "engage[s] in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA]." *Resch v. Krapf's Coaches, Inc.*, 785 F.3d 869, 872 (3d Cir. 2015) (quoting 29 C.F.R. § 782.29(a)). Thus, the Court must look to "the class of the employer and the class of work the employees perform." *Id.* The burden to prove the exemption rests with the employer. *Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658, 661 (7th Cir. 2011).

All-Ways argues that it is subject to the Secretary's jurisdiction by virtue of it being a "motor private carrier." 49 U.S.C. § 31502(b)(2). A motor private carrier is a "person, other than a motor carrier, transporting property by motor vehicle" when "the person is the owner, lessee, or bailee of the property being transported" and "the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise." 49 U.S.C. § 13102(15)(B), (C). The transportation at issue "must be as is provided in section 13501 of this title," § 13102(15)(A), which includes transportation between a place in a State and a place in another State, 49 U.S.C. §13501(1)(A).

There can be little doubt, given the factual record in this case, that

- 7 -

All-Ways is a motor private carrier. All-Ways truck drivers hauled salt and scrap metal between Waukesha and Winona, Minnesota. Drivers also brought items such as plants, asphalt, water, mulch, and landscaping equipment from Wisconsin to Kohl's Department stores located in Illinois, Michigan, and Ohio. This property was owned by All-Ways and was transported to further a commercial enterprise for profit. All-Ways is registered with the DOT, and its drivers possess Commercial Drivers Licenses. *See Resch*, 785 F.3d at 872 (no dispute that defendant is a motor carrier subject to the DOT's jurisdiction under identical facts). Finally, plaintiffs admit, indeed affirmatively allege, that All-Ways engages in interstate commerce. Complaint, ¶ 8 ("All-Ways is also an employer engaged in interstate commerce within the meaning of the FLSA … by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and entering into contracts directly or indirectly with non-Wisconsin customers").

The second part of the definition is also satisfied because the named plaintiffs and all other truck drivers drove the above-mentioned routes. Thus, the named plaintiffs are members of a class of employees that engaged in activities directly affecting the operational safety of commercial vehicles in interstate commerce.

The foregoing does not even consider the regular transport of salt from Jones Island. Plaintiffs argue that these intrastate trips are not relevant to establishing the Secretary's jurisdiction. Not so. "Under the Motor Carrier Act, transportation within a single state is still considered interstate commerce if it forms part of a 'practical continuity of movement.'" *Sturm v. CB Transport, Inc.*, 943 F. Supp. 2d 1102, 1118 (D. Idaho 2013) (quoting *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568 (1943)). All-Ways truck drivers, including the named plaintiffs, transported salt that had been ordered from out-of-state companies. This was simply the final leg of an interstate trip ending in Wisconsin. A "temporary pause" in the transit of goods "does not mean that they are no longer 'in commerce' within the meaning of the Act. As in the case of an agency if the halt in the movement of the goods is a convenient intermediate step in the process of getting them to their final destinations, they remain 'in commerce' until they reach those points." *Walling*, 317 U.S. at 568; *see also Collins v. Heritage Wine Cellars, Ltd.*, 589 F.3d 895, 897 (7th Cir. 2009) ("The fact that in the course of its journey [the goods] had been unloaded from one carrier and loaded onto another would be as inconsequential as the fact that en route to the store the truck had stopped for a red light").

Beyond the routes that were actually driven by the named plaintiffs,

"regulations promulgated by the U.S. Department of Labor state that so long as an employee is likely to be called upon (either regularly or from time to time) to drive interstate routes, 'the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting 'safety of operation.'" *Bakkestuen v. Lepke Holdings LLC*, No. 14-cv-700-BBC, 2015 WL 5944226, at *3 (W.D. Wis. Oct. 13, 2015). An employee "comes within the Secretary of Transportation's jurisdiction so long as the employee is 'subject, at any time, to be[ing] assigned to interstate trips,'" and even a "minor involvement in interstate commerce as a regular part of an employee's duties subjects that employee to the Secretary['s] jurisdiction." *Johnson*, 651 F.3d at 661.

The relevant inquiry is whether the plaintiffs "reasonably could have expected to drive interstate." *Resch*, 785 F.3d at 874. Courts answer this question by looking at, among other things, "whether the carrier (employer) does any interstate work," "assigns drivers randomly to that driving," and maintains a "company policy and activity" of interstate driving. *Id.* All-Ways regularly engages in and randomly assigns drivers to interstate work. All-Ways derives approximately 30% of its gross revenue from interstate work. Therefore, the exemption applies to the named plaintiffs. *Id.* (9.7% of annual revenue from interstate routes and discretion

to randomly assign drivers to either interstate or intrastate routes justified application of the MCA exemption); *see also Morris v. McComb*, 332 U.S. 422, 433 (1947) (exemption applied where interstate trips constituted 3.65% of the total trips, and "among the total of 43 drivers, every driver, except two, made at least one such trip with interstate freight").

Plaintiffs argue that the Court should apply a week-by-week analysis to determine when the exemption applies. Instead, "evidence of driving in interstate commerce or being subject to being used in interstate commerce should be accepted as proof that the driver is subject to [the Secretary of Transportation's jurisdiction] for a 4-month period from the date of proof." *Johnson*, 651 F.3d at 661. Under the 4-month rule, the named plaintiffs are exempt for the entire period of their employment. *See also Bakkestuen*, 2015 WL 5944226, at *5; *Williams v. Tri-State Biodiesel, LLC*, No. 13 Civ. 5041(GWG), 2015 WL 305362, at *11 (S.D.N.Y. Jan. 23, 2015) (collecting cases applying the 4-month rule).

Finally, plaintiffs argue that the MCA exemption does not apply because they are covered by the small vehicle exception. *See* 49 U.S.C. § 31132(1)(A) ("commercial motor vehicle" is one that "has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater"). The occasional use of vehicles weighing 10,000 pounds or less

- 11 -

is not enough to avoid the MCA exemption. *See Collins*, 589 F.3d at 901 ("Dividing jurisdiction over the same drivers, with the result that their employer would be regulated under the Motor Carrier Act when they were driving the big trucks and under the Fair Labor Standards Act when they were driving trucks that might weight only a pound less, would require burdensome record-keeping, create confusion, and give rise to mistakes and disputes"). In any event, it is undisputed that all of the trucks used in interstate commerce, including the Jones Island salt trips, weighed 10,001 pounds or more. ECF No. 49, ¶ 35; ECF No. 29, Michels Aff., ¶ 17; ECF No. 58, Michels Dec., ¶¶ 4-6.

### III. Supplemental claims.

When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state law claims. *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). The plaintiffs offer nothing to suggest that the Court should deviate from this standard practice. *See id.* (identifying certain circumstances that may displace the presumption). Therefore, the supplemental state law claims will be dismissed without prejudice.

### IV. Remaining motions.

A series of collateral motions are also currently pending. Most of these motions are either mooted by, or easily resolved in light of, the Court's summary judgment ruling. For example, the plaintiffs move for leave to file an amended complaint. Such an amendment would be futile given that All-Ways is exempt from the FLSA under the motor carrier exemption. Similarly, the plaintiffs' discovery and class certification motions are no longer relevant to the disposition of this action.

Finally, plaintiffs argue that the Court should stay its summary judgment ruling pending further discovery. The Court construes this argument as a motion for relief under Rule 56(d), which provides that courts may defer ruling on a motion for summary judgment if the nonmovant "cannot present facts essential to justify its opposition." The information identified by the plaintiffs would not alter the Court's summary judgment ruling.

For example, the plaintiffs want to conduct discovery into the ownership of salt during transport to Jones Island. Plaintiffs are trying to fit their case under a hypothetical posed in *Collins*: "suppose instead that Heritage shipped its wine to a wholesale distributor in a Chicago suburb, *title passed to the distributor when the wine arrived at the distributor's warehouse*, and the distributor contracted to sell the wine to retail stores

and delivered it to them in his own trucks. The carriage of wine from the warehouse to the stores would be classified as an intrastate shipment under the Motor Carrier Act even though the property shipped had originated outside the state." 589 F.3d at 897 (emphasis added). Ownership during transfer, however, is not a dispositive factor in determining whether an "intrastate leg at the end of the shipment should be deemed part of an interstate shipment." *Id.* at 900. In this regard, the Seventh Circuit flagged four criteria, including whether "the shipper, although it doesn't have to have lined up its ultimate customers when the product arrives at the warehouse, 'bases its determination of the total volume to be shipped through the warehouse on projections of customer demand that have some factual basis.'" *Id.* at 899. Thus, ownership during transfer does not matter if, as here, shipments are based on the actual or projected needs of customers.

Moreover, even if the salt trips were purely intrastate, the MCA exemption would still apply because it is undisputed that the plaintiffs engaged in interstate trips. Therefore, the Court will not defer ruling on the motion for summary judgment.

- 14 -

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion for leave to file an amended complaint [ECF No. 18] is **DENIED**;

2. Plaintiffs' motion to compel discovery [ECF No. 21] is **DENIED**;

3. All-Ways' motion for a protective order [ECF No. 30] is **DENIED**;

4. Plaintiffs' motion for class certification [ECF No. 36] is **DENIED**;

5. Plaintiffs' motion to stay class certification deadlines [ECF No. 63] is **DENIED**;

6. Plaintiffs' motion for leave to file a sur-reply brief [ECF No. 60] is **GRANTED**; and

7. All-Ways' motion for summary judgment [ECF No. 26] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this __5th__ day of May, 2016.

                                        **BY THE COURT:**

                                        */s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**

- 16 -

Case 2:15-cv-00628-RTR    Filed 05/05/16    Page 16 of 16    Document 66